| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HARRIS L. COHEN, ESQ. BAR #119600<br>HARRIS L. COHEN, A PROF. CORP.<br>5305 ANDASOL AVE.<br>ENCINO, CA 91316<br>TEL (818) 905-5599<br>FAX (818) 905-5660<br>EMAIL – hcohen00@aol.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**NOV 19 2015**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY penning   DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>MASOUD NOVEIR,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-24970-TD<br><br>CHAPTER:  7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: 11/18/2015<br>TIME:  10:00 a.m.<br>COURTROOM:  1345<br>PLACE: 255 E. Temple St., Los Angeles, CA 90012 |

**Movant:**  DLI PROPERTIES, LLC

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:    <u>1531 CAMDEN AVE.</u>
   *Unit/suite number*:    <u>#101</u>
   *City, state, zip code*:   LOS ANGELES, CA 90024
   Legal description or document recording number (including county of recording):  APN 4324-021-024

A CONDOMINIUM COMPOSED OF:  PARCEL 1:  THAT PORTION OF LOT 1 OF TRACT NO. 31580, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 843, PAGES 97 AND 98, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, SHOWN AND

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 1                          **F 4001-1.RFS.RP.ORDER**

DEFINED AS UNIT NO. 101, ON THE CONDOMINIUM PLAN, RECORDED JUNE 6, 1974, AS INSTRUMENT NO. 3640, OF OFFICIAL RECORDS OF SAID COUNTY.

PARCEL2:
AN UNDIVIDED 1/24 INTEREST IN AND TO THAT PORTION OF LOT 1 OF TRACT NO. 31580, SHOWN AND DEFINED AS "COMMON AREA" ON SAID CONDOMINIUM PLAN. EXCEPT ANY AND ALL OIL, GAS AND OTHER MINERALS IN AND UNDER SAID THAT MAY BE PRODUCED FROM THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT THE RIGHT OF SURFACE ENTRY OR THE RIGHT TO OCCUPY THE SURFACE OF SAID REAL PROPERTY OR THE SUBSURFACE THEREOF ABOVE A DEPTH OF 500 FEET BELOW THE SURFACE THEREOF, AS RESERVED IN A DEED RECORDED APRIL 10, 1975.

The Motion is granted under:

    a. ☒ 11 U.S.C. § 362(d)(1)

    b. ☒ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☒ The transfer of all or part ownership of, or other interest in, the Property to the Debtor combined with the involuntary petition for the purpose of interfering with a foreclosure sale; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

        (3) ☒ The court ☒ makes ☐ does not make ☐ cannot make
        a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

3. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☒ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

4. ☒ Movant may enforce its remedies by completing the foreclose sale of the Property and obtaining possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501. [language modified pursuant to motion]

5. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

6. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

7. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

8. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

9. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

10. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

11. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

12. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

15. ☒ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☒ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☒ Other (*specify*):  This order is effective to allow the lender to complete the foreclosure sale and issue the trustee's deed upon sale to the Movant.

### ###

Date: November 19, 2015

*Thomas B. Donovan*
Thomas B. Donovan
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 3                                **F 4001-1.RFS.RP.ORDER**